UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

In re Subpoenas in
JEANNE PAHLS, *et al.*,

        Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF BERNALILLO, *et al.*,

        Defendants;

EXECUTIVE OFFICE OF THE
PRESIDENT OF THE UNITED STATES,

        Third-Party Movant.

No. 08-mc-0362 (RJL)

---

**NOTICE OF SUPPLEMENTAL AUTHORITY
IN OPPOSITION TO THE MOTION TO QUASH**

Plaintiffs file this Notice of Supplemental Authority to call to the Court's attention the decision of the District of Columbia Circuit in *Citizens for Responsibility and Ethics in Washington v. Department of Homeland Security*, No. 07-5407 (July 11, 2008) ("*CREW*"). A copy of the court of appeals' slip opinion is filed herewith.

In that case, as here, the government "place[d] great weight on *Cheney v. U.S. District Court*, 542 U.S. 367 (2004)." *CREW* at 7. But the court of appeals found *Cheney* inapposite in *CREW* for the same reasons that, as explained in plaintiffs' opposition to the motion to quash, it is inapposite here. *See CREW* at 7-13.

First,

> the discovery request in *Cheney* was directed at the Vice President himself. Indeed, the Court explained that "[w]ere the Vice President not a party in the case, . . . [it] might present different considerations."

*CREW* at 9 (quoting *Cheney*, 542 U.S. at 381).  Likewise here, the requested discovery is not directed specifically at the President or any high level Executive Branch official, but generically to the Office of Presidential Advance.

    Second,

> The [*Cheney*] Court also observed, "[t]his is not a routine discovery dispute. The discovery requests are directed to the Vice President and other senior Government officials who served on the NEPDG to give advice and make recommendations to the President." *Id*. at 385. Here, CREW seeks documents not from the President or Vice President, but rather from the Secret Service[.]

*CREW* at 9.  Like *CREW* and unlike *Cheney*, this is a "routine discovery dispute."  The requested discovery has nothing to do with any advice or recommendations to the President, and there is no reason to believe that any high level Executive Branch official will have to be personally involved in the response.

    Third,

> Driving the *Cheney* Court was a concern that forcing the Vice President to assert executive privilege in the context of broad discovery requests submitted during civil litigation would set "coequal branches of the Government . . . on a collision course." *Cheney*, 542 U.S. at 389. . . . [I]f the President or Vice President refuses to submit to a court's discovery order, the court's ultimate sanction is a contempt finding against the President or Vice President.

*CREW* at 10.  Here, however, as in *CREW*,

> no such danger exists. . . . If the [the Office of Presidential Advance] refuse[s] to [provide discovery, its Director]—not the President or Vice President—would "face[] the sanction of contempt."

*CREW* at 10-11 (quoting *Edmonds v. FBI*, 417 F.3d 1319, 1323 (D.C. Cir. 2005) (alteration in quotation by the court of appeals)).

2

Fourth,

> *Cheney* is also distinguishable because [the instant discovery] request has little in common with the broad discovery order at issue there. In *Cheney*, the Court contrasted the disputed discovery requests before it with the acceptable subpoena orders at issue in *United States v. Nixon*, 418 U.S. 683 (1974), which had "'precisely identified' and 'specific[ally] . . . enumerated' the relevant materials." *Cheney*, 542 U.S. at 387 (quoting *Nixon*, 418 U.S. at 688 & n.5) (alteration in original). The *Cheney* discovery request, by contrast, "ask[ed] for everything under the sky." *Id.*
>
> . . .
>
> [Plaintiffs here] ha[ve] not made a massive, wide-ranging, "overly broad discovery request[]," *id.* at 386, that would require the President, Vice President, or their staff to sort through mountains of files . . . . Rather, [plaintiffs' subpoena] request "'precisely identified' and 'specific[ally] . . . enumerated' the relevant materials," *Cheney*, 542 U.S. at 387 (quoting *Nixon*, 418 U.S. at 688 & n.5) (alteration in original), focusing on very specific [topics]. Critically for our purposes, moreover, this particular [discovery] request is narrowly drawn[.]

*CREW* at 11-12. Fifth and

> [f]inally, . . . nothing in the [*Cheney*] opinion suggests that routine [discovery] requests to executive agencies ought to ring the same alarm bells. Taking the government's argument to its logical conclusion would mean that the [Executive Office of the] President should *never* have to [respond to discovery] because doing so is simply too burdensome. But that can't be right[.]

*CREW* at 12. Nor, for the same reasons, can the government's argument be right here.

                                                 Respectfully submitted,

                                                 /s/ *Arthur B. Spitzer*

                                                 _____
                                                 Arthur B. Spitzer (D.C. Bar No. 235960)
                                                 American Civil Liberties Union
                                                   of the National Capital Area
                                                 1400 20th Street NW, Suite 119
                                                 Washington DC 20036
                                                 Tel (202) 457-0804
                                                 Fax (202) 452-1868

July 14, 2008                                          Attorney for Plaintiffs