UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Subpoenas in<br>JEANNE PAHLS, *et al.*,<br><br>    Plaintiffs<br><br>v.<br><br>BOARD OF COUNTY COMMISSIONERS<br>FOR COUNTY OF BERNALILLO, *et al.*,<br><br>    Defendants<br><br><br>and EXECUTIVE OFFICE OF THE<br>PRESIDENT OF THE UNITED STATES<br><br>    Petitioner | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   No. 08-mc-0362 (RJL)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**EXECUTIVE OFFICE OF THE PRESIDENT'S RESPONSE
TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs' purported "Notice of Supplemental Authority" would more aptly be titled, "Rewrite of a D.C. Circuit Opinion." Through the use of bracket alterations and omissions, plaintiffs have completely altered the text of *Citizens for Responsibility and Ethics in Washington v. Department of Homeland Security*, No. 07-5407 (July 11, 2008) ("*CREW*"), and obfuscated the true holdings of that case. In fact, in *CREW*, the two principal bases on which the D.C. Circuit distinguished *Cheney v. United States District Court*, 542 U.S. 367 (2004) are: (1) *Cheney* was a discovery case while *CREW* was a Freedom of Information Act ("FOIA") case; and (2) in *Cheney*, discovery was directed at the Executive while, in *CREW*, the FOIA request was directed toward an executive agency (the Secret Service), which routinely responds to such requests. Obviously, both of these bases place the instant case within the factual setting of

*Cheney* and not of *Crew*. To hide this, plaintiffs have made strategic alterations to block quotations, such as changing "FOIA" to "discovery," changing "Secret Service" to "the Office of Presidential Advance," and making up "its Director" from whole cloth. The true holdings of *CREW* are evident from the following unaltered quotations.

> To begin with, the D.C. Circuit noted that:
>
> Here, CREW seeks documents not from the President or Vice President, but rather from ***the Secret Service***, a ***FOIA agency*** well accustomed to dealing with such requests.

*CREW*, at 9 (emphases supplied). Next, the D.C. Circuit stated:

> Moreover, a profound difference exists between ***subpoenas and discovery requests*** in civil or criminal cases against the President or Vice President and ***routine FOIA cases*** involving records that may or may not touch on presidential or vice presidential activities.

*Id.* at 10 (emphases supplied). The court went on to explain:

> ***In the civil discovery context***, if the President or Vice President refuses to submit to a court's discovery order, the court's ultimate sanction is a contempt finding against the President or Vice President. ***In the FOIA context***, however, no such danger exists. If ***the Secret Service*** claims authority to withhold the requested records ***under Exemption 5***, and if a court ultimately finds that exemption inapplicable, ***the agency*** would simply have to disclose the documents. If ***the agency*** refused to do so, ***it***–not the President or Vice President–would "face[] the sanction of contempt." *Edmonds v. FBI*, 417 F.3d 1319, 1323 (D.C. Cir. 2005) (explaining that if ***an agency*** refuses to disclose documents as required by a court order, ***the agency*** can be held in contempt). Furthermore, ***unlike civil discovery***, which the Court notes ***lacks "checks" sufficient "to discourage the filing of meritless claims against the Executive Branch,"*** *Cheney*, 542 U.S. at 386, ***FOIA*** provides a carefully structured process for dealing with requests for agency documents that might reveal too much about presidential communications.

*Id.* at 10-11 (alteration in original) (emphases supplied). Comparison between the unabridged quotation set forth above, and plaintiffs' heavily edited and abridged version (set forth in the second half of page 2 of their Notice) provides the best evidence of the misleading nature of

2

plaintiffs' Notice. First, this passage is about the difference between "civil discovery" against the Executive, which is governed by *Cheney*, and "the FOIA context" involving an "agency," which is not. Plaintiffs' artful rewrite of the passage entirely omits this key point. Second, while the actual passage discusses the possibility of contempt against an agency (not any individual at that agency) for (hypothetical) non-compliance with a court order, plaintiffs insert, out of whole cloth, the possibility of contempt for the Director of the Office of Presidential Advance. In fact, in this case, the interested party is the Executive Office of the President which is headed by the President. This case is about civil discovery against the Executive and not a FOIA request to an agency. As such it is governed by *Cheney*.[1]

Later in *CREW*, the D.C. Circuit notes that:

> *Cheney* is also distinguishable because CREW's FOIA request has little in common with the broad discovery order at issue there.

*Id.* at 11. This provision also offers plaintiffs no support. Plaintiffs' subpoena bears no

---

[1] Plaintiffs also quote *CREW*'s reference to *Cheney*'s statement that were the Vice President not a party "[it] might present different circumstances." Notice, at 1 (quoting *CREW* which in turn quotes *Cheney*). The full quotation from *Cheney* is:

> Were the Vice President not a party in the case, the argument that the Court of Appeals should have entertained an action in mandamus, notwithstanding the District Court's denial of the motion for certification, might present different circumstances.

*Cheney*, 542 U.S. at 381. As this quotation suggests, it addresses, not the propriety of discovery (which was addressed elsewhere in *Cheney*), but whether the Court should exercise jurisdiction to consider the extraordinary remedy of mandamus. *See id.* ("These facts and allegations remove this case from the category of ordinary discovery orders where interlocutory appellate review is unavailable, through mandamus or otherwise."). This was of direct relevance in *CREW* because the issue in that case was whether there was jurisdiction for an interlocutory appeal. *See CREW*, at 14 ("[W]e dismiss the government's appeal for lack of jurisdiction."). It is not relevant here, however, as this is not a matter of interlocutory appellate review, and there is no question but that this Court should exercise jurisdiction over this matter in the ordinary course.

resemblance to the FOIA request in *CREW*. That FOIA request was "narrowly drawn" and sought "very specific records." *Id.* at 12. Plaintiffs' subpoena is drafted in broad terms and, in addition to demanding "[a]ll documents concerning" six broad categories, demands a 30(b)(6) deposition that would require enormous amounts of time and coordination in order to distill the knowledge of numerous people, as well as information from years worth of e-mails and other documents, into a single witness. *See* Motion to Quash at 13-17 & attached Declaration of Spencer Geissinger.

> In its concluding comparison, the D.C. Circuit stated:
>
> Finally, although *Cheney* makes clear that courts should "explore other avenues, short of forcing the Executive to invoke privilege, when they are asked to enforce against the Executive Branch unnecessarily broad subpoenas," *id.* at 390, nothing in the opinion suggests that **routine FOIA requests** to **executive agencies** ought to ring the same alarm bells. Taking the government's argument to its logical conclusion would mean that the President should **never** have to assert executive privilege **in the Exemption 5 context** because doing so is simply too burdensome. But that can't be right–indeed the President has routinely invoked **Exemption 5** in other **FOIA cases**.

*CREW*, at 12 (third emphasis in original; other emphases supplied). Again, plaintiffs have tortured this passage, which distinguishes FOIA requests to executive agencies from civil discovery against the Executive, into something with an entirely different meaning. *See* Notice at 3. Suffice it to say that, in this matter, the Executive Office of the President does not claim anything at all about the assertion of privilege in "the Exemption 5 context." It claims only that plaintiffs' speculative fishing expedition (contradicted by the testimony obtained thus far in the case) is precisely the type of "meritless claim[] against the Executive Branch," *Cheney*, 542 U.S. at 386, that motivated the Court in *Cheney*, and

that plaintiffs' subpoena does not meet the *Cheney* standard for discovery against the Executive, or, for that matter, the Rule 45 standard for discovery against any third party.

Dated: July 18, 2008                                        Respectfully submitted,

                                                                GREGORY G. KATSAS
                                                                Assistant Attorney General

                                                                JOHN O'QUINN
                                                                Deputy Assistant Attorney General

                                                                JEFFREY A. TAYLOR
                                                                United States Attorney

                                                                ARTHUR R. GOLDBERG (D.C. Bar #180661)
                                                                Assistant Branch Director

                                                                 */s/ Jeffrey M. Smith*
                                                                JEFFREY M. SMITH (D.C. Bar # 467936)
                                                                Department of Justice
                                                                Civil Division, Federal Programs Branch
                                                                20 Massachusetts Ave., NW,
                                                                Washington, D.C. 20530
                                                                Tel: (202) 514-5751
                                                                Fax: (202) 616-8202

                                                                *Counsel for the Executive Office of the President*